**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

        **- against -**           **06 Cr. 00143 (JGK)**

**MARC MUNSON,**               **OPINION AND ORDER**

              **Defendant.**
_____

**JOHN G. KOELTL, District Judge:**

On June 3, 2008, a jury returned a verdict finding the defendant Marc Munson, together with a co-defendant Paul Karkenny, guilty of a conspiracy, in violation of 21 U.S.C. § 846, to distribute and to possess with intent to distribute 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A). Defendant Munson (hereafter "the defendant" or "Munson") now moves for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure on the grounds that "the interest of justice so requires."

The defendant raises three arguments. First, he argues that it was error to admit five recordings into evidence because there was insufficient authentication and they were unreliable. Second, the defendant argues that it was error to admit the address book of Allen Ozdemir, an alleged co-conspirator, because the address book was insufficiently authenticated. Finally, the defendant argues that the jury deliberated for only

about three hours after subtracting the time for lunch and a coffee break, and that was allegedly insufficient for reasonable deliberations after a trial that had consumed twelve days of testimony.

For the reasons explained below, the motion is denied.

I

Upon a defendant's motion, a district court "may grant a new trial [to a defendant] if the interest of justice so requires." Fed. R. Crim. P. 33. Because "motions for a new trial are disfavored in [the Second] Circuit," United States v. Gambino, 59 F.3d 353, 364 (2d Cir. 1995); United States v. Sattar, 395 F.Supp.2d 66, 72 (S.D.N.Y. 2005), a district court, after examining the totality of the evidence and considering objectively all of the facts and circumstances, should grant the motion only if the court finds "a real concern that an innocent person may have been convicted." United States v. Sanchez, 969 F.2d 1409, 1414 (2d Cir. 1992). In short, "[i]t is only when it appears that an injustice has been done that there is a need for a new trial 'in the interest of justice.'" Id.

The district court must strike a balance between weighing the evidence and credibility of the witnesses and not "wholly usurp[ing]" the role of the jury. United States v. Autuori, 212 F.3d 105, 120 (2d Cir. 2000). "Because the courts generally

2

must defer to the jury's resolution of conflicting evidence and assessment of witness credibility, '[i]t is only where exceptional circumstances can be demonstrated that the trial judge may intrude upon the jury function of credibility assessment.'" United States v. Ferguson, 246 F.3d 129, 133-34 (2d Cir. 2001) (quoting United States v. Sanchez, 969 F.2d at 1414).

The ultimate test on a Rule 33 motion is whether letting a guilty verdict stand would be a manifest injustice. See Sanchez, 969 F.2d at 1414 (trial court must be satisfied that "competent, satisfactory and sufficient evidence" in the record supports the jury verdict). The district court must examine the entire case, take into account all facts and circumstances, and make an objective evaluation. Generally, the trial court has broader discretion to grant a new trial under Rule 33 than to grant a motion for acquittal under Rule 29, but it nonetheless must exercise the Rule 33 authority "sparingly" and in "the most extraordinary circumstances." Id.; see also United States v. Stewart, 433 F.3d 273, 296 (2d Cir. 2006); Sattar, 395 F.Supp.2d at 72.


II

The defendant argues that a Compact Disc containing five redacted recordings, Gov't. Ex. 900R, made by Dale Sokolov, a

witness who was cooperating with the Government, should not have been admitted into evidence. The defendant argues that there was insufficient evidence of authenticity of the recordings to satisfy Fed. R. Ev. 901, and that the recordings were unreliable. The argument is completely without merit.

When the defendant originally raised the argument of the admissibility of the recordings, the Court indicated that the Government would be required to show by clear and convincing evidence that the recordings were what the Government proffered them to be, namely recordings made by Dale Sokolov of conversations with identified co-conspirators of the defendant. See United States v. Hamilton, 334 F.3d 170, 186 (2d Cir. 2003); United States v. Tropeano, 252 F.3d 653, 661 (2d Cir. 2001); United States v. Knohl, 379 F.2d 427, 440 (2d Cir. 1967). The Court made it clear that the defendant would have the opportunity for a voir dire of the witnesses and that the Court would listen to the testimony to see if the Government had established the requirements for admissibility of the recordings. (Tr. at 359:14-359:16.) Thereafter, the DEA Special Agent who supervised Mr. Sokolov when Mr. Sokolov made the recordings testified to his supervision. (Tr. at 394:10-396:25.) Mr. Sokolov also testified to how he made the recordings. He also testified that he had listened to each of the recordings and verified their accuracy. He also explained

4

that he was familiar with all of the persons who spoke on the recordings and identified their voices. (Tr. at 620:09-625:03.) At that point, the Government had plainly introduced clear and convincing evidence that the Government Exhibit was what it purported to be, both from the testimony of a witness with knowledge and from the identification of the voices themselves. See Fed. R. Ev. 901(b)(1) and (b)(5); see Tropeano, 252 F.3d at 661; United States v. Louis, 814 F.2d 852, 856 (2d Cir. 1987). At that point defense counsel for Mr. Munson did not seek a voir dire, and indeed affirmatively stated "No objection." (Tr. at 625:01.) In view of the clear and convincing evidence of admissibility this was a reasonable decision. Indeed, at a subsequent colloquy with the court out of the presence of the jury, defense counsel made it clear that he had made a tactical choice not to pursue a voir dire examination before the recordings were received in evidence, and not to object when the recordings were offered in evidence. (Tr. at 934:03-938:11.) There is no basis now to argue that a new trial should be granted in "the interest of justice," when the Court admitted evidence that the defendant freely admitted he did not object to "for tactical reasons," and when the evidence is plainly admissible under the Federal Rules of Evidence and the authority from the Court of Appeals with respect to the standards for admitting such recordings.

The defendant alleges that it was error to admit a telephone book, (Gov't. Ex. 40), that was found in the office in the house of Allen Ozdemir, an alleged co-conspirator. (Tr. at 2124-31.) The telephone book contained contact information for the defendant as well as for other alleged co-conspirators. The defendant alleges that there was insufficient authentication to show that the address book belonged to Allen Ozdemir. However, the evidence established that the address book was seized pursuant to a search warrant from the office in the house where Ozdemir lived. Moreover, the entries in the book itself support that it was Ozdemir's address book because it showed the contact information for the various conspirators and supported that there was a relationship among the co-conspirators. The circumstances of the seizure together with the internal contents of the document were sufficient to support a finding that the book was what it was purported to be – Allen Ozdemir's telephone book. See United States v. Calbas, 821 F.2d 887, 892-93 (2d Cir. 1987); United States v. Wilson, 532 F.2d 641, 644-45 (8th Cir. 1976); United States v. Millan-Colon, 836 F.Supp.1007, 1015-16 (S.D.N.Y. 1993). The Court also properly instructed the jury that the document was not received for the truth of the contents of the telephone directory. (Tr. at 2131:20-2131:23.)

The defendant argues that the telephone directory could have belonged to any of the other members of the household such as Ozdemir's wife or children.  It is not credible that Ozdemir's wife or children would have been the persons with the contacts to the other conspirators.  In any event, the defendant was free to argue that issue to the jury.  There was sufficient evidence of authenticity to have the jury consider the telephone book for the purpose of showing a connection among the alleged conspirators.

The defendant also argues that the Court should have excluded the telephone directory because it was simply cumulative given that there was other testimony that the defendant knew Allen Ozdemir.  However, there is no reasonable argument that the probative value of the evidence was substantially outweighed by considerations of undue delay, waste of time or needless presentation of cumulative evidence.  See Fed. R. Ev. 403.  The defendant points to testimony from cooperating witnesses about the connection between the defendant and Ozdemir, but the defendant cross-examined each of the cooperating witnesses to suggest that they were not credible. The telephone directory was a different type of evidence that supported the testimony of the cooperating witnesses.  It could not reasonably be concluded that the considerations under Rule 403 warranted exclusion of the document.

Finally, the defendant argues that a new trial is warranted because the jury only deliberated for about four hours, or, after subtracting time for lunch and a smoke break, about three hours. The defendant points out that the trial lasted about three weeks and there were twelve days of testimony. The defendant argues that the time that the jury spent deliberating was simply too short to allow the verdict to stand. The argument has no merit and the defendant cites to no authority to support it.

The jury conscientiously deliberated. The jurors sent out several notes in which they asked for more than twenty Exhibits. There is no argument that there was any extraneous information brought to the jury's attention or any outside influence improperly brought to bear on the jurors. <u>Compare</u> Fed. R. Ev. 606(b). There is no magic amount of time that the jury is required to deliberate. In this case, the Government's evidence was overwhelming. There were five cooperating witnesses each of whom implicated the defendant in the conspiracy. There were documentary exhibits supporting the testimony of the cooperating witnesses. The defendant thoroughly cross-examined each of the witnesses concerning their interest in testifying against the defendant. Nevertheless, the jury could reasonably have concluded that it would have been incredible for the five

witnesses to have constructed and coordinated their stories to implicate the defendant falsely.  If the jury chose to believe the five cooperating witnesses, as it was entitled to do, it did not require extensive deliberations to find the defendant was in fact guilty of the crime charged in the indictment.  See <u>United States v. Rebhuhn</u>, 109 F.2d 512, 516 (2d Cir. 1940) (L. Hand, J.) ("It needed less than [the three hours] they actually took for reasonably sagacious men and women to see exactly what the defendants had been doing . . . it would have impugned their intelligence had they hesitated longer.").

## CONCLUSION

For the reasons explained above, the defendant's motion for a new trial pursuant to Rule 33 is **denied.**


**SO ORDERED**

Dated: **New York, New York**
      **September 10, 2008**

                                                     **John G. Koeltl**
                                        **United States District Judge**