USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/14/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

- against -

MARC MUNSON,

          Defendant.

---

06cr143 (JGK)

MEMORANDUM OPINION &
ORDER

**JOHN G. KOELTL, District Judge:**

Pursuant to Federal Rule of Civil Procedure 60(b), the defendant, Marc Munson, seeks to amend the forfeiture order that was entered against him as part of his judgment of conviction. The defendant was convicted of conspiracy to distribute, and possess with intent to distribute, 1,000 kilograms or more of marijuana in violation of 21 U.S.C. §§ 812, 841(a), and 841(b)(1)(A). The defendant was sentenced principally to 252 months imprisonment and ordered to forfeit $46.2 million. The defendant argues that his forfeiture amount should be amended because he did not personally obtain all of the property used to calculate the forfeiture amount.

For the reasons explained below, the defendant's motion is **denied**.

I.

In June 2008, following a three-week trial, the jury returned a verdict finding the defendant guilty of conspiracy to distribute, and possess with intent to distribute, 1,000

kilograms or more of marijuana, in violation of 21 U.S.C. §§ 812, 841(a), and 841(b)(1)(A). At trial, the Government presented evidence that showed the defendant was a drug smuggler who led the New York branch of an international drug conspiracy. (See Sentencing Tr. at 21-30.) The defendant worked with various co-conspirators to transport tens of thousands of pounds of marijuana into New York City and other places. (Id.)

In connection with the defendant's sentencing on September 19, 2008, the Government sought forfeiture of funds the defendant gained from his role in distributing the marijuana. At the defendant's sentencing hearing, the Court found that the evidence showed that "the defendant was personally involved in the distribution of 44,000 pounds of marijuana" and that the defendant sold the marijuana for at least $1,050 per pound. (Id. at 30.) Based on these figures, the defendant was ordered to forfeit $46.2 million. (Id.) The defendant was also sentenced to 252 months imprisonment. (Dkt. No. 167.)

The defendant appealed his conviction but did not challenge the forfeiture order. In United States v. Munson, 350 F. App'x 485 (2d Cir. 2009), the Second Circuit Court of Appeals affirmed the judgment of conviction.

## II.

### A.

The defendant brings this motion pursuant to Federal Rule of Civil Procedure 60(b) seeking to amend the forfeiture order. The Government argues that a Rule 60(b) motion cannot be used to challenge a forfeiture order in a criminal judgment. The Government is correct.

Under Rule 60(b), the Court may "relieve a party or its legal representative from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). Rule 60(b) applies to civil cases, not criminal cases. See Fed. R. Civ. P. 1. More specifically, "Rule 60(b) is not available to directly challenge the integrity of an underlying criminal conviction or sentence." United States v. Christian Bros. Contracting Corp., 586 F. App'x 79, 80 (2d Cir. 2014) (citing Harris v. United States, 367 F.3d 74, 82 (2d Cir. 2004)).

When faced with a Rule 60(b) motion challenging a criminal judgment, the district court may either treat the motion as a petition under 28 U.S.C. § 2255 or deny it as beyond the scope of the rule. Harris, 367 F.3d at 82; see 28 U.S.C. § 2255(a) ("A prisoner in custody under sentence of a court established by Act of Congress claiming . . . that the sentence was in excess of the maximum authorized by law, or is otherwise subject to

collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.").[1]

However, a habeas petition cannot be used as a vehicle to challenge non-custodial components of a criminal sentence, such as restitution or forfeiture. See United States v. Rutigliano, 887 F.3d 98, 105 (2d Cir. 2018) (stating that a section 2255 habeas petition "may not be used to bring collateral challenges addressed solely to noncustodial punishments such as fines and restitution" (quotation marks omitted)); see also Jeries v. United States, 17cv4642, Dkt. No. 15, at 11 (S.D.N.Y. July 20, 2018) (collecting cases) ("[The defendant] cannot challenge the non-custodial aspects of his sentence -- of which forfeiture is one -- under a motion to vacate, set aside, or correct his sentence under [§] 2255 . . . .").

In this case, the defendant brings this motion challenging only the forfeiture order, a non-custodial aspect of his sentence. See Rutigliano, 887 F.3d at 105; Jeries, 17cv4642, Dkt. No. 15, at 11. Therefore, the defendant's motion cannot be converted to a habeas petition and the defendant cannot use

---

[1] If the petitioner had filed a previous petition under § 2255, before treating the Rule 60(b) motion as a § 2255 petition the Court would advise the petitioner that the Court may treat the motion as a "second or successive" habeas petition and transfer it to the Court of Appeals after giving the petitioner the opportunity to withdraw it. Harris, 367 F.3d at 82. In this case, the defendant has not filed a previous § 2255 petition.

4

Federal Rule of Civil Procedure 60(b) to challenge the forfeiture order.

**B.**

Moreover, any challenge to the forfeiture order also fails on the merits. The defendant asserts that the Court held him jointly and severally liable for the forfeiture funds related to marijuana that he did not personally distribute or derive a benefit from. That is simply not true.

In Honeycutt v. United States, 137 S. Ct. 1626, 1631-33 (2017), the Supreme Court held that an order of forfeiture that is entered as a result of a conviction for a narcotics offense is limited to property or other assets that the defendant personally derived from the unlawful activity. Id. Thus, a defendant may not be held liable for the forfeiture of assets that were gained by other co-conspirators and not the defendant. Id.

In this case, the forfeiture order is based solely on marijuana that the defendant personally acquired and distributed. At trial, co-conspirator Dale Sokolov testified that he delivered approximately 39,000 pounds of marijuana to the defendant in New York. (Sentencing Tr. at 22.) Harry Trubounis, another co-conspirator, testified that he delivered about 26,000 pounds of marijuana and that the defendant was aware of all of it. However, the Court limited that amount to

5,000 pounds to assure that it was marijuana the defendant received and was not duplicative of marijuana that Mr. Sokolov delivered. (Id.) Therefore, in its forfeiture calculation, the Court included the 39,000 pounds from Mr. Sokolov's testimony but only 5,000 of the 26,000 from Mr. Trubounis's testimony. The Court did so "to avoid any double counting and to use a conservative estimate." (Id.)

Mr. Sokolov testified that the defendant sold the marijuana for about $1,250 to $1,350 per pound. (Id. at 30.) Another co-conspirator, Steve Valiant, testified that the defendant sold the marijuana for about $1,050 and sometimes less, although this amount appeared to be somewhat low. (Id. at 31.) The Court used the smaller amount, $1,050 per pound, in calculating the per-pound proceeds for the purposes of forfeiture. (Id.) Thus, 44,000 pounds at $1,050 per pound resulted in $46.2 million in forfeiture liability -- a conservative estimate for the value of marijuana proceeds that the defendant personally received.

The defendant's forfeiture liability is based on marijuana the defendant personally received and does not violate the rule set out in Honeycutt.

**CONCLUSION**

The defendant cannot use Federal Rule of Civil Procedure 60(b) to challenge the Court's forfeiture order and, in any event, such a challenge is without merit. Therefore, the

6

defendant's motion under Rule 60(b) for recalculation, amendment, and adjustment of the amount he was ordered to forfeit is **denied**.

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. The Clerk of Court is directed to close all open motions and to close this case.

**SO ORDERED.**

**Dated:** **New York, New York**
**January 14, 2019**

_____
John G. Koeltl
United States District Judge