# LAW OFFICE OF BERNARD V. KLEINMAN, PLLC
## ATTORNEY - AT - LAW
108 VILLAGE SQUARE, SUITE 313
SOMERS, NY 10589-2305

TEL: (914) 644-6660    E-MAIL: ATTRNYLWYR@YAHOO.COM    FAX: (914) 694-1647

May 29, 2020

Hon. John G. Koeltl
U.S. District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re: United States v. MARC MUNSON, S3 06-cr-00143

Your Honor,

   On or about January 8th, 2020 Counsel herein, on behalf of Movant-Defendant Munson, submitted a Motion for Reduction of Sentence, or, in the Alternative, a Re-Sentencing under the Fair Sentencing Act and the First Step Act.  See Dkt. Entry Nos. 265, 266.  On March 27th, 2020 the Government filed its Response.  Dkt. Entry No. 268.

   By this Reply Memorandum, and accompanying Exhibits, the Movant seeks to set forth, further, the bases in support of the aforementioned Motion.

   When the Motion was first filed, as the Court is well aware, it preceded the advent of the COVID-19 crisis. Since January 2020, the United States (indeed, the world) has been overwhelmed by the pandemic that has caused hundreds of thousands of deaths, infected millions, all with no genuine end in sight.

   In Mr. Munson's initial filing he outlined his medical conditions, and other issues that merit this Court's attention.  The basis for his seeking relief was primarily (a) the application of Amendment 782 (see Memorandum of Law at pp. 3-5), (b) the disparate sentences imposed upon other defendants in his case (see *id*. at pp. 5-6), and (c) the changed attitudes that have taken over society regarding the possession and use of marijuana (see *id*. at pp. 7-8), all militate in favor of his requested relief.

   In addition, as referenced above, the intercession of the COVID-19 crisis has created additional grounds for relief. On April 8, 2020 Mr. Munson submitted a request to the Warden at FCI Allenwood for compassionate release, pursuant

Hon. John G. Koeltl, U.S. District Judge
Re: United States v. Munson, 06-cr-00143
29 May 2020 — page two

---

to Section 3582.  On April 10th, 2020 (see Exhibit A) the Warden responded with a denial, however, he failed to address the actual issues raised in Mr. Munson's request for compassionate release.  This was followed up by a second request from Mr. Munson, to which the Warden again denied relief, dated April 30, 2020.  See Exhibit B.

As the Government has addressed the issues relating to any argument relating to compassionate release in its Response (see Gov't Response at p. 3), it is proper to address these issues herein.

First, however, it is necessary to address the arguments relating to the application of the First Step Act.  Mr. Munson was sentenced on September 19, 2008 to a term of incarceration of 252 months.  Dkt. Entry No. 167.  As of this date he has served 140 months, or 56% of the originally imposed sentence.  His conviction was for his participation in the importation of marijuana over a period of several years from Mexico.  No record or testimony or evidence was ever presented that he (indeed, or any members of the conspiracy) ever possessed, used, or had access to a firearm.  Further, until this arrest Mr. Munson had no criminal record at all — state or federal.  As noted, the crime involved was for the importation of marijuana.

Since 2008 there has been a sea-change in society's attitude towards the possession and recreational and medical use of marijuana.  This sea-change has not only been on the state level, but, as noted in the original Motion,

> Indeed, Attorney General William Barr, though not re-instating the Cole Memorandum that had been rescinded by his predecessor (Jeff Sessions), made clear that the Justice Department would not "go after parties who have complied with state law in reliance on the Cole Memorandum."[3]
>
> > [3] In an August 2013 Memorandum issued to federal prosecutors, then Deputy Attorney General James Cole outlined the Justice Department's enforcement policy with respect to states' medical marijuana and adult use laws. See https://www.justice.gov/opa/pr/justice-department-announces-updatemarijuana-enforcement-policy.
>
> Defendant's Memorandum of Law at p. 7.

Case 1:06-cr-00143-JGK   Document 271   Filed 05/29/20   Page 3 of 5

Hon. John G. Koeltl, U.S. District Judge
Re: United States v. Munson, 06-cr-00143
29 May 2020 — page three

The Defendant recognizes that the Cole Memorandum did not require federal prosecutors to adopt the treatment of marijuana offenses based upon the laws in the state where the accused was being prosecuted. *United States v. Griffith*, 928 F.3d 855, 867 (10th Cir. 2019); *United States v. Canori*, 737 F.3d 181, 185 (2d Cir. 2013). At the same time, the Memorandum was designed to provide guidance to prosecutors to avoid discriminatory enforcement of certain laws. See generally discussion in *United States v. Pickard*, 100 F. Supp.3d 981, 1009 (E.D. Cal. 2015).

Nevertheless, it is impossible to ignore the fact that since 2008 more than half the states have legalized the use and possession of marijuana, or have decriminalized its possession and use. This does not minimize or ignore the fact the Mr. Munson violated the statutes for which he was convicted. However, it should weigh favorably in the context of the sentence imposed by this Court in 2008 — twelve years ago — and if a similar sentence would be imposed in 2020.

From FY 2010 through FY 2019, there has been a steep decline in the number of prosecutions by the Justice Department for marijuana trafficking. In FY 2010 there were approximately 6,250 prosecutions. By 2019 that had declined to approximately 1,500 — a decline of more than 75%. See "Feds Prosecuted Even Fewer Marijuana Cases in 2019 as More States Legalize, New Data Shows," Marijuana Moment (Mar. 24, 2020), reprinted at https://www.marijuanamoment.net/feds-prosecuted-even-fewer-marijuana-cases-in-2019-as-more-states-legalize-new-data-shows/. Furthermore, and even more to the point, the Median Sentence for federal marijuana crimes, in FY 2019, was only 31 months — placing Mr. Munson's sentence at a factor of more than 800% above that figure. *Ibid*.

Instructive here is the decision of Judge Caproni in *United States v. Rose*, 379 F. Supp.3d 223 (S.D.N.Y. May 24, 2019). In *Rose* Judge Caproni made the observation that
> To preclude defendants from seeking relief on the basis of facts that may have had little significance at the time they were determined would be draconian and contrary to the remedial purpose of the First Step Act.

*Id*. at 229-30.

Hon. John G. Koeltl, U.S. District Judge
Re: United States v. Munson, 06-cr-00143
29 May 2020 — page four

This is precisely the case here. The First Step Act is a "remedial statute". *Id*. at 230. And, it "authorizes the Court to re-evaluate § 3553(a) factors in light of post-sentencing factual developments." *Id*. at 231. Further, the Court found that, rather than being constrained by the limitations of Section 3582(c)(2), the Act permits the reviewing Court to apply the enumerated factors set forth in Section 3553(a), *viz*.,

> [T]he scope of a sentencing proceeding authorized by the First Step Act is not constrained by § 3582(c)(1)(B), to the extent it is applicable; nor would it be helpful, as some courts have done, to analogize to the other modification provisions under § 3582(c), which are subject to entirely different standards. . . . In contrast, section 404(b) of the First Step Act contains a broader grant of authority to 'impose a reduced sentence.' " (citations omitted)). . . . Therefore, the Court concludes that the modification regime set forth in § 3582 does not preclude this Court from considering anew the sentencing factors enumerated in § 3553(a).

*Id*. at 232-33. Citations omitted.

At the same time, as annexed hereto (see Exhibit C), Mr. Munson has been a model prisoner, and has taken more than full advantage of the educational programs available at the FCI where he is incarcerated. His list of completed courses, shows that almost immediately upon his placement at Allenwood, he began to take advantage of improving himself, and has since taken more than forty different courses while there. Similarly, attached to Mr. Munson's pleadings are letters from other inmates indicating how he has assisted them in their climb to recovery. This goes directly to the other factor that Judge Caproni wrote about – that among the factors to be considered, in any such motion, is evidence of post-sentencing rehabilitation. *Id*. at 231. In accord see *United States v. Allen*, 956 F.3d 355, 359 (6th Cir. 2020); *United States v. Negron-Cardona*, 2020 WL 2747258 at *3 (D.P.R. May 26, 2020); *United States v. Black*, 388 F. Supp.3d 682, 687 (E.D. Va. Jun. 7, 2019). And, similarly, as evidence of this rehabilitation is the inmate having, as Mr. Munson does, a record of no violations of BOP rules or regulations. See *United States v. Brown*, 2019 WL 6170574 at *3 (N.D. Ohio Nov. 20, 2019).

Hon. John G. Koeltl, U.S. District Judge
Re: United States v. Munson, 06-cr-00143
29 May 2020 — page five

---

In other words when considering motions under the First Step Act, *i.e.*, Section 3582(c)(2), directs the "district court cannot ignore a host of mitigation evidence and summarily deny a motion to reduce a sentence and leave both the defendant and the appellate court in the dark as to the reasons for its decision". *United States v. Martin*, 916 F.3d 389, 398 (4th Cir. 2019). In accord see *United States v. Hardnett*, 417 F. Supp.3d 725 (E.D. Va. Oct. 24, 2019).

If the Court applies the factors laid out here, it is clear that Mr. Munson is a prime candidate for the benefits that Congress has deemed appropriate under the Frist Step Act.

It also needs to be noted that Mr. Munson, while incarcerated at Allenwood has a greater risk of exposure to the COVID-19 virus than the general public. This, needless to say, is a factor to be considered by the Court, especially as it applies the Section 3553(a) factors. See generally *United States v. Aikens*, 2020 WL 2744192 at *4-*5 (W.D.N.Y. May 26, 2020); *United States v. Levy*, 2020 WL 2393837 at *6-*7 (E.D.N.Y. May 12, 2020).

For the foregoing reasons, it is respectfully preyed that the Court grant the relief requested herein.

                              Respectfully submitted,

                              /s/ *Bernard V. Kleinman*
                              Bernard V. Kleinman, Esq.
                              Attorney for Movant-Defendant

cc: All Counsel of Record by ECF